UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER S. BRUMFIELD                             CIVIL ACTION

VERSUS                                               NUMBER: 11-02452

WARDEN JOYCE JACKSON, ET AL.                         SECTION: "S"(5)


## REPORT AND RECOMMENDATION


This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Christopher S. Brumfield, against defendants, Warden Joyce Jackson of the Tangipahoa Parish Jail, Captain Stewart Murphy, and Sheriff Daniel Edwards. (Rec. doc. 1, p. 3). Plaintiff, an inmate of the Tangipahoa Parish Jail, alleged that Department of Corrections prisoners and parish prisoners are unlawfully housed together, resulting in a physical altercation on one occasion, that inmates are sometimes required to sleep on the floor, and that requests for medical attention and other assistance are routinely ignored. (Id. at pp. 3-4).

After issue was joined, by order dated December 1, 2011 ("Briefing Order"), plaintiff was directed to file in the record of

this proceeding, on or before December 30, 2011, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. doc. 9). When plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before February 1, 2012, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 10). Copies of the Briefing Order and the Rule to Show Cause that were mailed to plaintiff at his address of record have not been returned as undeliverable. Unfortunately, plaintiff has not responded to the Rule to Show Cause as directed, nor has he provided the Court with the information required by the Briefing Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's

orders. Markwall v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). As plaintiff is proceeding pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place plaintiff's case in a proper posture to be litigated to its completion. Unfortunately, those efforts have been hampered by the inaction of plaintiff in responding to the Court's Briefing Order and the Rule to Show Cause. As plaintiff is not represented by counsel in this case, these failures are attributable to him alone. Accordingly, it will be recommended that plaintiff's lawsuit be dismissed with prejudice under Rule 41(b), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  6th  day of      February     , 2012.

*Alma L. Chasez*<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE